IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOTWIN FAMILY PARTNERS, L.P., <br> DIANE BOTWIN ALPERT, and <br> DOUGLAS A. ALPERT, <br><br> Plaintiffs, <br><br> v. <br><br> THRIVENT FINANCIAL FOR LUTHERANS, <br><br> Defendant, | Case No. 12-2549-RDR |

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's motion to dismiss or stay. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

This case arises from various loans that were made by defendant Thrivent Financial for Lutherans (Thrivent) to plaintiff Botwin Family Partners, L.P. (Botwin Family). Plaintiffs Diane Botwin Alpert and Douglas A. Alpert later signed guaranty agreements in 2000, 2002 and 2006 in which they agreed to guarantee to Thrivent all obligations of the Botwin Family under the notes. Thrivent subsequently sent notice to the Botwin Family and the Alperts that they were in default under the notes.

Botwin Family and the Alperts filed this case on August 22, 2012. They assert various causes of action but essentially seek declaratory relief from the court arising from the several loan

transaction agreements entered into with Thrivent.  Plaintiffs rely upon the Equal Credit Opportunity Act (ECOA), 15 U.S.C. 1691e(c) and Regulation B, 12 C.F.R. 202.17(b).  They allege that Thrivent has required them to incur personal liability on an obligation and debt in violation of the ECOA.  They seek an order of the court finding that the guarantors are not liable for the loans that were entered into in 2000, 2002 and 2006.

On October 18, 2012, Thrivent filed an action in state court asserting claims of breach of promissory notes, foreclosure of mortgages, and breach of guaranty agreements.  Botwin Family and the Alperts removed that case to this court on November 13, 2012.  That action was assigned to Judge Murguia.  Thrivent moved to remand the case to state court on November 27, 2012.

Meanwhile, in this case, the defendant filed the instant motion to dismiss on October 22, 2012.  Plaintiffs filed a motion to consolidate this case with Judge Murguia's case on November 13, 2012.  On March 5, 2013, Judge Murguia granted Thrivent's motion and remanded his case to state court.[1]

II.

With this background, the court shall consider Thrivent's motion

---

[1] In light of Judge Murguia's decision to remand his case to state court, this court shall deny plaintiffs' motion to consolidate this case with that case as moot.

to dismiss or stay. Thrivent seeks to dismiss or stay this action based upon (1) the Brillhart/Mhoon abstention doctrine; (2) the Younger abstention doctrine; and (3) the Anti-Injunction Act, 28 U.S.C. § 2283. Thrivent also contends that this matter should be dismissed because it is not a ripe controversy.

The court shall proceed to Thrivent's arguments on the application of the Younger abstention doctrine because we find that it is dispositive. Thrivent contends that abstention is appropriate under doctrine of abstention established in Younger v. Harris, 401 U.S. 37 (1971). Thrivent argues that all of the factors required for Younger abstention are present here. Plaintiffs counter that Younger abstention is inapplicable because (1) they have asserted a substantial federal question, i.e., the interpretation of the application of the ECOA to the guaranties in this case; (2) federal courts frequently adjudicate foreclosure actions governed by Kansas law; and (3) the state court action is no longer pending.

Under Younger, a federal court must abstain from hearing a federal case which interferes with certain state proceedings. Pursuant to the Younger abstention doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." D.L. v. Unified School Dist. No. 497,

392 F.3d 1223, 1227-28 (10th Cir. 2004).  This court must abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 875 (10th Cir. 2001).

The aforementioned factors are present here.  At the time that plaintiffs made their argument, the state court action had been removed to this court.  However, as noted earlier, since that time the case has been remanded to state court.  Thus, it is presently pending in state court.

Thrivent has suggested, and the plaintiffs have not denied, that the Kansas courts can properly consider all of the issues raised in this case, including the claims involving the ECOA.  Plaintiffs have argued that the claims made under the ECOA are "substantial" federal questions that should be resolved by this court.  Plaintiffs, however, have failed to acknowledge that Congress, in passing the ECOA, allowed concurrent jurisdiction to the state courts.  See 15 U.S.C. 1691e(c)("Upon application by an aggrieved applicant, the appropriate United States District Court or any other court of competent jurisdiction may grant such equitable and declaratory

4

relief as is necessary to enforce the requirements imposed under this subchapter."). Plaintiffs have availed themselves of this concurrent jurisdiction by asserting their ECOA claims in the state case. There is little question that the Kansas court can resolve all of the claims presented by the parties. Plaintiffs have not satisfied the burden to show that state procedures do not afford them an adequate remedy.

Finally, the court believes that the state case involves important state interests because Thrivent is seeking foreclosure on land located in Kansas. In determining whether an important state court interest is implicated in the proceedings, the court does "not look narrowly to its interest in the outcome of the particular case. . ." but, rather, to "the importance of the generic proceedings to the State." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 365 (1989). Courts have determined that cases involving property rights, particularly foreclosure actions, involve important state interests. See Shaffer v. Heitner, 433 U.S. 186, 207-208 (1977)(recognizing a state's "strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property."); Gray v. Pagano, 287 Fed. Appx. 155, 157-58 (3rd Cir. 2008)(affirming district court's abstention under Younger where state-court foreclosure action was pending and "[a]ny

5

relief that could be granted by the district court would directly impact Pennsylvania's interest in protecting the authority of its judicial system"); Doscher v. Menifee Circuit Court, 75 Fed.Appx. 996 (6th Cir. 2003)(affirming district court's application of Younger abstention and finding important state interest in mortgage foreclosure); Borkowski v. Fremont Inv. and Loan of Anaheim, Cal., 368 F.Supp.2d 822, 828 (N.D.Ohio 2005)(court would be required to abstain from addressing matters presented in federal complaint under Younger where these matters were the subject of a pending state foreclosure matter, which is of paramount state interest); Logan v. U.S. Bank Nat. Ass'n., 2010 WL 1444878 at *3 (C.D.Cal. April 11, 2010) ("[P]roperty rights have historically been considered an area of state concern."); 3005 Cedar, LLC v. City of Minneapolis, 2010 WL 455307 at *3 (D.Minn. Feb. 3, 2010)(finding important state interest in property rights). The fact that this court can, and has, litigated foreclosure actions as suggested by plaintiffs does not mean that we should interfere in a state foreclosure court proceeding that can consider all of the issues raised by the parties.

Accordingly, because the Younger abstention doctrine applies, this court is obligated to dismiss this action. With this decision, the court finds no need to consider the other arguments raised by Thrivent.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to consolidate cases (Doc. # 9) be hereby denied as moot.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss or stay (Doc. # 6) be hereby granted. The court must abstain and dismiss this action without prejudice.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge